UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CORTEZ BUCKLEY, Plaintiff, v. COUNTY OF SAN MATEO, et al., Defendants. | Case No. 16-cv-07314-JD **ORDER GRANTING MOTION TO DISMISS** Re: Dkt. No. 19 |

Plaintiff, a former detainee proceeding pro se and in forma pauperis, filed a civil rights action under 42 U.S.C. § 1983. Defendant County of San Mateo and nineteen individual defendants from Maguire Correctional Facility have filed a motion to dismiss. Docket No. 19. Plaintiff has filed an opposition. The Court found the motion suitable for decision on the papers pursuant to Civil Local Rule 7-1(b), and vacated the hearing that had been set on May 25, 2017. The motion to dismiss is granted.

**BACKGROUND**

Plaintiff generally alleges that while an inmate at Maguire Correctional Facility in 2015 he was denied his right to practice his religion because the Kosher meals were not actually Kosher and he was not permitted to wear certain religious items outside of his cell. He also presents allegations of retaliation, violations of his ability to file grievances, a stolen money order and inadequate medical care.

The complaint contains ten pages of handwritten text with no breaks or individual causes of action. Plaintiff identifies several dates and states that his rights were violated by many of the defendants. While plaintiff identifies the defendants, he fails to specifically describe the actions of each individual defendant. Moreover, plaintiff has failed to delineate each claim, and it was

defendants, in an attempt to understand the complaint, who identified ten causes of action.

Defendants have filed a motion to dismiss addressing each cause of action and seeking to dismiss some or all defendants from each cause of action. Defendants noted in the motion to dismiss that in many instances it was difficult to discern plaintiff's claims. Plaintiff filed an opposition that failed to address many of defendants' arguments and presented new allegations.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* at 556). In evaluating a motion to dismiss, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the Court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks and citation omitted).

In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). A prisoner is not required to objectively show that a central tenet of his faith is burdened by a prison regulation to raise a viable claim under the Free Exercise Clause. *Id*. at 884-85.

Section 3 of the Religious Land Use and Institutionalized Persons Act (RLUIPA), provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general

2

applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). The statute applies "in any case" in which "the substantial burden is imposed in a program or activity that receives Federal financial assistance." 42 U.S.C. § 2000cc-1(b)(1).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.[1] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

Supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the

---

[1] Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees). The Ninth Circuit has determined that the appropriate standard for evaluating constitutional claims brought by pretrial detainees is the same one used to evaluate convicted prisoners' claims under the Eighth Amendment. "The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) *abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994).

3

supervisors' personal involvement in their subordinates' constitutional wrong, *Iqbal*, 556 U.S. at 675-84 (noting no vicarious liability under § 1983 or *Bivens* actions), and unfairly subject the supervisor defendants to the expense of discovery and continued litigation, *Henry A. v. Willden*, 678 F.3d 991, 1004 (9th Cir. 2012) (general allegations about supervisors' oversight responsibilities and knowledge of independent reports documenting the challenged conduct failed to state a claim for supervisor liability). So it is insufficient for a plaintiff to allege only that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012). There is no respondeat superior liability under § 1983, which means there is no liability under § 1983 solely because one person is purportedly responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff is also advised there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

## DISCUSSION

In reviewing plaintiff's complaint, the Court is not certain about the involvement of specific defendants with respect to many of the claims. In most instances, plaintiff has failed to link the named defendant to an alleged constitutional deprivation. Under Fed. R. Civ. P. 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991)). *Accord Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.) "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Plaintiff's allegations with respect to many defendants and claims are so vague and perfunctory that they give defendants "little idea where to begin" in preparing a response to the

4

complaint. *Twombly*, 550 U.S. at 565 n.10. While plaintiff has presented new allegations in the opposition, the Court can only consider the allegations of the complaint. While defendants seek to dismiss many of the defendants and claims and only proceed on a few claims, the Court will dismiss the entire complaint with leave to amend. *See* 28 U.S.C.§ 1915(e). This will permit plaintiff, who proceeds pro se, an opportunity to better present his claims and allegations. Plaintiff must describe the actions of each individual defendant and how they violated his constitutional rights. Conclusory statements with no support are insufficient and plaintiff should delineate each specific claim.

Plaintiff is also advised that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To properly plead a claim under *Monell*, it is insufficient to allege simply that a policy, custom, or practice exists that caused the constitutional violations. *AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). Pursuant to the more stringent pleading requirements set forth in *Iqbal*, at 682-83, and *Twombly*, at 553-56, a plaintiff suing a municipal entity must allege sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that plaintiff is entitled to relief. *AE*, 666 F.3d at 636-37 (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), which summarized new pleading standards derived from *Iqbal*, *Twombly* and related Supreme Court decisions).

The complaint is dismissed with leave to amend to address these deficiencies in light of the legal standards set forth above. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. The amended complaint may not add any new defendants or claims for relief without leave of the Court.

**CONCLUSION**

1. Defendants' motion to dismiss (Docket No. 19) is **GRANTED** as discussed above.

2. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Failure to amend within the designated time will result in the dismissal of this case.

3. The Clerk shall change this case designation to Nature of Suit 555.

4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 8, 2017

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CORTEZ BUCKLEY,<br><br>  Plaintiff,<br><br>v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>  Defendants. | Case No. 16-cv-07314-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 8, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Antonio Cortez Buckley
540 Price Avenue
Redwood City, CA 94063

Dated: August 8, 2017

Susan Y. Soong
Clerk, United States District Court

By:_____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO