1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTONIO CORTEZ BUCKLEY,

Plaintiff,

v.

COUNTY OF SAN MATEO, et al.,

Defendants.

Case No. 16-cv-07314-JD

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 29

Plaintiff, a former detainee proceeding pro se and in forma pauperis, filed a civil rights action under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend, and plaintiff has filed an amended complaint. Docket No. 28. Defendant County of San Mateo and fifteen individual defendants from Maguire Correctional Facility have filed a motion to dismiss the amended complaint. Docket No. 29. Plaintiff has filed an opposition. The Court found the motion suitable for decision on the papers pursuant to Civil Local Rule 7-1(b) and vacated the hearing that had been scheduled. The motion to dismiss is granted in part and denied in part.

**BACKGROUND**

Plaintiff generally alleges that while an inmate at Maguire Correctional Facility in 2015 he was denied his right to practice his religion because the Kosher meals were not actually Kosher and he was not permitted to wear certain religious items outside of his cell. He also presents allegations of violations of his ability to file grievances, a stolen money order, inadequate medical care, confiscation of mail and unsafe conditions. Plaintiff lists eleven causes of action ("COA"), though several are overlapping, plus one unnumbered COA:

- COA 1: Defendant Robbins denied plaintiff the right to have two sabbath candles, a paperback prayer book and sabbath services;

1      - COA 2, 11: Defendants Chu and Arnaudo denied plaintiff supplemental diet drinks that

2          led to weight loss, headaches, chest pains and other medical problems;

3      - COA 3, 5, 6, 8:  Defendants Schumaker, Mateo, Firkins, Echano, Malfatti, Robbins,

4          Bonifaco, Munks and Delai denied plaintiff the right to wear certain religious items

5          outside of his cell.

6      - COA 4:  Defendant County of San Mateo violated plaintiff's rights by providing a

7          kosher diet that is not kosher, leading to malnutrition and medical problems;

8      - COA 7:  Defendant Robinson deprived plaintiff of his property by giving a $100

9          money order intended for plaintiff to another inmate, who then gave the money order to

10         plaintiff and  defendants Robinson, Zaidi and Garthright failed to properly investigate

11         the matter;

12     - COA 9, 10: Defendant Delai censored and seized plaintiff's legal mail by confiscating

13         three citizen complaint forms; and

14     - Miscellaneous COA:  Defendant County of San Mateo and Sherriff Munks were

15         negligent because plaintiff fell out of his top bunk injuring himself.[1]

16    **LEGAL STANDARD**

17        To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to

18  state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

19  (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw

20  the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

21  556 U.S. 662, 678 (2009) (citing *Twombly* at 556).   In evaluating a motion to dismiss, the Court

22  must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his

23  or her favor.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the

24  Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of

25  fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

26

27

[1] Plaintiff described the facts for this claim, but neglected to set forth a specific cause of action related to it.  The Court assumes this was an oversight and that plaintiff intended to proceed with this claim.

28

1    2008) (quoting *Sprewell v. Golden State Warriors*, 266 f.3d 979, 988 (9th Cir. 2001)).

2          Review is limited to the contents of the complaint, *see Clegg v. Cult Awareness Network*,
     18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or
3    documents the complaint necessarily relies on and whose authenticity is not contested. *See Lee v.
     City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith
4    v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

           A plaintiff may plead himself out of a claim by including unnecessary details contrary to
5    his claims. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A court, for
     example, is not required to accept as true conclusory allegations that are contradicted by
6    documents referred to in the complaint. *Twombly,* 550 U.S. at 555; *Steckman v. Hart Brewing,
     Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

7          In order to establish a free-exercise violation, a prisoner must show a defendant burdened

8    the practice of his religion without any justification reasonably related to legitimate penological

9    interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). A prisoner is not required

10   to objectively show that a central tenet of his faith is burdened by a prison regulation to raise a

11   viable claim under the Free Exercise Clause. *Id*. at 884-85.

12         The Religious Land Use and Institutionalized Persons Act (RLUIPA) provides: "No

13   government shall impose a substantial burden on the religious exercise of a person residing in or

14   confined to an institution, as defined in § 1997 [which includes state prisons, state psychiatric

15   hospitals, and local jails], even if the burden results from a rule of general applicability, unless the

16   government demonstrates that imposition of the burden on that person (1) is in furtherance of a

17   compelling governmental interest; and (2) is the least restrictive means of furthering that

18   compelling governmental interest." 42 U.S.C. § 2000cc-1(a). The statute applies "in any case" in

19   which "the substantial burden is imposed in a program or activity that receives Federal financial

20   assistance." 42 U.S.C. § 2000cc-1(b)(1).

21

22

23

24         Deliberate indifference to serious medical needs violates the Eighth Amendment's

25   proscription against cruel and unusual punishment.[2] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976);

26   _____

27   [2] Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth
     Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d
28   977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for
     pretrial detainees). The Ninth Circuit has determined that the appropriate standard for evaluating

3

1    *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other ground by WMX*

2    *Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of

3    "deliberate indifference" involves an examination of two elements: the seriousness of the

4    prisoner's medical need and the nature of the defendant's response to that need.  *Id.* at 1059.

5         Plaintiff is also advised there is no constitutional right to a prison administrative appeal or

6    grievance system.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855

7    F.2d 639, 640 (9th Cir. 1988).

8    **DISCUSSION**

9    **COA 1**

10        Plaintiff alleges that on September 28, 2015, defendant Robbins denied plaintiff the right

11   to have two sabbath candles, a paperback prayer book and sabbath services.  For purposes of a

12   motion to dismiss, and considering plaintiff's pro se status, this claim is sufficient to proceed.

13   **COA 2, 11**

14        Plaintiff alleges that defendant Chu denied plaintiff supplemental diet drinks and as a result

15   plaintiff suffered from malnutrition and other medical problems.  This claim is sufficient to

16   proceed.  Plaintiff also alleges that defendant Arnaudo denied his inmate appeals.  This claim and

17   defendant Arnaudo are dismissed with prejudice because there is no constitutional right to a prison

18   administrative appeal or grievance system.

19

20

21   **COA 3, 5, 6, 8**

22        Plaintiff alleges that defendants Schumaker, Mateo, Firkins, Echano, Malfatti, Robbins,

23   Bonifaco, Munks and Delai denied plaintiff the right to wear certain religious items outside of his

24   cell.  This claim is sufficient to proceed.

25   _____

26   constitutional claims brought by pretrial detainees is the same one used to evaluate convicted
     prisoners' claims under the Eighth Amendment.  "The requirement of conduct that amounts to
27   'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be
     punished with the deference given to prison officials to manage the prisons." *Redman v. County
28   of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) *abrogated in part on other grounds
     by Farmer v. Brennan*, 511 U.S. 825 (1994).

1    **COA 4**

2    Plaintiff argues that the County of San Mateo discriminated against him by stating there

3 was a kosher diet when in fact the kosher diet is not strictly kosher. Plaintiff has not presented

4 sufficient allegations to proceed with the claim.

5    Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official

6 policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658,

7 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional

8 acts of its employees under the theory of *respondeat superior*, *see Bd. of Cnty. Comm'rs v. Brown*,

9 520 U.S. 397, 403 (1997). To impose municipal liability under § 1983 for a violation of

10 constitutional rights resulting from governmental inaction or omission, a plaintiff must show: (1)

11 that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the

12 municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's

13 constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.

14 *See Plumeau v. Sch. Dist. #40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). To properly

15 plead a claim under *Monell*, it is insufficient to allege simply that a policy, custom, or practice

16 exists that caused the constitutional violations. *AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th

17 Cir. 2012). Pursuant to the more stringent pleading requirements set forth in *Ashcroft v. Iqbal*,

18 556 U.S. 662, 670 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007), a

19 plaintiff suing a municipal entity must allege sufficient facts regarding the specific nature of the

20 alleged policy, custom or practice to allow the defendant to effectively defend itself, and these

21 facts must plausibly suggest that plaintiff is entitled to relief. *AE*, 666 F.3d at 636-37 (citing *Starr*

22 *v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), which summarized new pleading standards derived

23 from *Iqbal*, *Twombly* and related Supreme Court decisions). Plaintiff has already been provided

24 leave to amend and has failed to present sufficient allegations for this claim. This claim is

25 dismissed with prejudice.

26    **COA 7**

27    Plaintiff alleges that defendant Robinson gave a $100 money order that was intended for

28 plaintiff to another inmate, who then gave the money order to plaintiff. Plaintiff then gave the

5

1   money order to prison staff so it could be placed in his inmate trust account. He also states that

2   defendants Robinson, Zadi and Garthright did not properly investigate the matter. These

3   allegations fail to state a claim.

4   Neither the negligent nor intentional deprivation of property states a due process claim

5   under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S.

6   527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on*

7   *other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). The availability of an adequate

8   state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides

9   sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990). California

10  law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813,

11  816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

12  To the extent plaintiff suffered harm when Robinson failed to deliver the money order to

13  him directly, state law provides an adequate post-deprivation remedy. Nor has plaintiff stated a

14  claim regarding the other defendants' failure to investigate the matter. Plaintiff states he received

15  the money and has failed to present any due process violation. This claim is dismissed with

16  prejudice.

17  **COA 9, 10**

18  Plaintiff alleges that defendant Delai censored and seized plaintiff's legal mail by

19  confiscating three citizen complaint forms. Prisoners have a constitutional right of access to the

20  courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).

21  To establish a claim for any violation of the right of access to the courts, the prisoner must prove

22  that there was an inadequacy in the prison's legal access program that caused him an actual injury.

23  *See Lewis*, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the

24  inadequacy in the prison's program hindered his efforts to pursue a nonfrivolous claim concerning

25  his conviction or conditions of confinement. *See id*. at 354-55.

26  Plaintiff argues that the confiscated grievance forms related to the denial of his right to

27  wear certain religious items outside of his cell. The exhibits attached to the amended complaint

28  demonstrate that plaintiff was able to file grievances related to those claims; therefore, there is no

6

1    injury.  To the extent defendants interfered with other complaint forms unrelated to the grievance

2    system, plaintiff has still failed to show an actual injury.  Nor has plaintiff presented sufficient

3    allegations about the procedures for inspecting legal mail, to the extent he is raising such a claim.

4    This claim is dismissed with prejudice.

5        **Miscellaneous COA**

6        Plaintiff states that while climbing down he fell out of his top bunk and that defendants

7    County of San Mateo and Sherriff Munks were negligent for not providing ladders.  Inmates who

8    sue prison officials for injuries suffered while in custody may do so under the Eighth

9    Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth

10   Amendment's Due Process Clause.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979)*; Castro v. Cnty.*

11   *of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc).  But under both clauses, the

12   inmate must show that the prison official acted with deliberate indifference.  *Id*. at 1068.   Under

13   the Fourteenth Amendment, a pretrial detainee plaintiff also must show that the challenged prison

14   condition is not "reasonably related to a legitimate governmental objective."  *Byrd v. Maricopa*

15   *Cty. Bd. of Supervisors*, 845 F.3d 919, 924 (9th Cir. 2017) (quoting *Bell*, 441 U.S. at 539).  If the

16   particular restriction or condition is reasonably related, without more, it does not amount to

17   punishment.  *Bell*, 441 U.S. at 538-39.  Plaintiff contends that defendants were negligent, but he

18   presents no allegations to meet the higher standard for such a claim.  Because plaintiff has already

19   been provided leave to amend, this claim is dismissed with prejudice.

20       **Further Proceedings**

21       This case proceeds on the religion claims as noted above in causes of action 1, 3, 5, 6, 8

22   against defendants Robbins, Schumaker, Mateo, Firkins, Echano, Malfatti, Bonifaco, Munks and

23   Delai.  Because plaintiff only seeks money damages, these claims continue only under the Free

24   Exercise Clause.  The claims under RLUIPA are dismissed.  This case also proceeds on the claim

25   that defendant Chu denied plaintiff supplemental diet drinks causing plaintiff to suffer from

26   malnutrition and other medical problems.  All remaining claims and defendants are dismissed with

27   prejudice.

28

7

**CONCLUSION**

1.      Defendants' motion to dismiss (Docket No. 29) is **GRANTED in part and**
**DENIED in part** as discussed above.  The case continues against Robbins, Schumaker, Mateo,
Firkins, Echano, Malfatti, Bonifaco, Munks, Delai and Chu as discussed above.  All other
defendants are **DISMISSED** from this action with prejudice.

2.      In order to expedite the resolution of this case, the Court orders as follows:

a.      No later than sixty days from the date of service, defendants shall file a
motion for summary judgment or other dispositive motion.  The motion shall be supported by
adequate factual documentation and shall conform in all respects to Federal Rule of Civil
Procedure 56, and shall include as exhibits all records and incident reports stemming from the
events at issue.  If defendants are of the opinion that this case cannot be resolved by summary
judgment, defendants shall so inform the Court prior to the date the summary judgment motion is
due.  All papers filed with the Court shall be promptly served on the plaintiff.

b.      At the time the dispositive motion is served, defendants shall also serve, on
a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952,
953-54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003).
*See Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given
at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not
earlier); *Rand* at 960 (separate paper requirement).[3]

c.      Plaintiff's opposition to the dispositive motion, if any, shall be filed with
the Court and served upon defendant no later than thirty days from the date the motion was served
upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is
provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),
and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust
his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take

---

[3] Plaintiff does not appear to be currently in custody but the appropriate notices shall be provided
out of an abundance of caution.

8

note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003).

        d.      If defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

        e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    3.      All communications by plaintiff with the Court must be served on defendants, or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

    4.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

    5.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 21, 2018

_____
JAMES DONATO
United States District Judge

9

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CORTEZ BUCKLEY,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>Defendants. | Case No. 16-cv-07314-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 21, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Antonio Cortez Buckley
540 Price Avenue
Redwood City, CA 94063

Dated: June 21, 2018

Susan Y. Soong
Clerk, United States District Court

By: _____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO